# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:14-CR-9 (WLS-TQL-1) |
| | : | |
| MICHAEL ENOCH, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

On January 12, 2023, this Court held a hearing on the Government's Amended Petition to revoke Defendant, Michael Enoch's, term of supervised release (hereinafter "Petition"), which was filed on December 9, 2022. (Doc. 130.)

Defendant Enoch originally pled guilty to a one (1) count Indictment (Doc. 1) on July 7, 2014, which charged Defendant with Possession of a Firearm by a Convicted Felon. (Doc. 36.) Defendant Enoch was sentenced on October 27, 2014, to sixty (60) months imprisonment to be followed by three years supervised release. (Doc. 48.) Following a successful appeal, Defendant was resentenced by Judge Lawson on March 2, 2016, to 60 months imprisonment to be followed by three (3) years supervised release. (Doc. 67.)

Defendants original term of supervised release commenced on March 23, 2018. (Doc. 130.) The United States Probation Office petitioned the Honorable Judge Lawson for a warrant on September 24, 2019, due to Defendant's failure to keep the Probation Office apprised of his residence. (Doc. 77.) Pursuant to that Petition, Defendant had failed to comply with Court ordered mental health treatment and his address/whereabouts were unknown. Defendant was subsequently arrested, (Doc. 98) and remanded to the custody of the bureau of prisons, by Judge Lawson, for a period of nine (9) months imprisonment to be followed by twelve (12) months supervised release, on September 16, 2021. (Doc. 111.)

Defendants new term of supervised release commenced on February 3, 2022. (Doc. 115.) The United States Probation Office petitioned Judge Lawson for a warrant on July 6,

2022. (Doc. 115.) Since then, the Probation Office has amended the Petition twice. (Docs. 127 & 130.) This matter was subsequently transferred to this Court.

At the final revocation hearing on January 12, 2023, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that he had reviewed it. The Court advised Defendant of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify (Defendant was also advised that he was not required to testify or present a defense)—all of which Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Amended Petition (Doc. 130) and Amended Revocation Report (Doc. 131) and reviewed them. Neither the Government nor the Defendant had objections to the Presentence Report. Defendant stated he had spoken to his counsel about the Petition and did not wish to have a hearing on it, but rather wished to stipulate to all violations alleged in the Petition, except violation eleven (11), which alleged that Defendant committed the offense of being a Party to a Crime in violation of O.C.G.A. § 16-2-20. The Government agreed to withdraw violation eleven (11) of the Petition at the hearing. The Petition contained ten (10) other violations. Defendant admitted to all the remaining ten (10) allegations included within the Amended Petition (Doc. 130) and stated that he had not been coerced into doing so.

Accordingly, the Court found that Defendant freely, knowingly, and voluntarily stipulated to the alleged violations of supervised release for the purposes of the revocation hearing outlined at Violation Numbers 1-10 of the Government's Petition. (Doc. 130.) As such, the Court found that Defendant had committed the alleged violations by a preponderance of the evidence and that Defendant did violate the conditions of his supervised release.

The Court heard from the Government, defense counsel, and Defendant, and then declared Defendant's supervised release revoked.[1] The Court took into consideration

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 Fed. App'x 929, 931 (11th Cir. 2012 (quoting United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).

2

Defendant's U.S. Sentencing Guidelines range of 7 to 13 months, which was based on Defendant's Grade C violations and criminal history category of V. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to nine (9) months imprisonment, to be followed by no term of supervised release. The Court found this sentence appropriate to reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and to protect the public.

For the aforementioned reasons, the Government's Petition (Doc. 130) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Accordingly, Defendant Enoch is sentenced to nine (9) months of imprisonment followed by no term of supervised release.

**SO ORDERED**, this 18th day of January, 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**